Case 2:18-cv-00320   Document 3   Filed on 11/05/19 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | CRIMINAL NO. 2:03-278-1 |
| v. | § | CIVIL NO. 2:18-185 |
| | § | CIVIL NO. 2:18-320 |
| STEVEN REYNALDO PEREZ, | § | |
|   Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Steven Reynaldo Perez filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging the Court's jurisdiction over his criminal conviction for possession with intent to distribute cocaine. D.E. 93[1]; Case No. 2:18-CV-320, D.E. 1.[2] Prior to filing his § 2255 motion, he also filed a motion pursuant to 28 U.S.C. § 2241 raising the same claim, which he later amended. Case No. 2:18-CV-185, D.E. 1, 13. By written Order entered May 13, 2019, the Honorable Hilda G. Tagle construed Movant's § 2241 motion as a motion seeking habeas relief under § 2255 and reassigned the case to the undersigned judge. *Id.*, D.E. 21. Because both motions raise a single, identical claim, the Court will consider them as one § 2255 motion.

Now pending is the United States of America's (the "Government") Motion to Dismiss (D.E. 101), wherein the Government moves the Court to dismiss the motions as untimely, substantively meritless, and procedurally barred. Movant has responded. D.E. 102.

---

    1. Unless otherwise indicated, Docket Entry references are to the criminal case, 2:03-CR-278-1.

    2. Movant previously filed a § 2255 motion challenging his 2008 supervised-release violation and sentence, which the Court denied. Movant recently sought authorization from the Fifth Circuit to file a successive § 2255 motion. To the extent Movant sought to challenge his original 2004 conviction, the Fifth Circuit denied the motion as unnecessary because he "has not previously challenged that judgment in a § 2255 proceeding." Case No. 2:18-CV-185, D.E. 1-1, p. 1.

1

**I. BACKGROUND**

In December 2003, Movant pled guilty to possession with intent to distribute 124.5 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to 27 months' imprisonment, to be followed by 3 years' supervised release. Judgment was entered February 18, 2004. He did not appeal.

Movant was released from federal custody in November 2005. However, in July 2008, he was sentenced to an additional 24 months' imprisonment for violating the terms of his supervised release after he was convicted of murder in Texas state court. Movant is currently serving a 60-year sentence in the Texas Department of Criminal Justice (TDCJ), with a projected release date of January 12, 2067. Movant's 24-month supervised release revocation sentence was ordered "to be served consecutively to the state offense the defendant is presently serving." D.E. 36, p. 3.

On June 14, 2018, Movant filed his current motion under 28 U.S.C. § 2255 challenging his 2003 conviction for possession with intent to distribute cocaine.[3]

**II. MOVANT'S ALLEGATIONS**

Movant's motion raises a single ground for relief: There was no quorum in the United States House of Representatives on May 12, 1947, when it passed Public Law 80–772, codified at 18 U.S.C. § 3231. That statute states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Movant argues that because there was no quorum in the House of Representatives, § 3231 is invalid. Thus, the Court lacked subject matter jurisdiction over Movant's conviction for cocaine trafficking, and he is actually innocent of this offense.

---

3. A prisoner in state custody generally cannot bring a motion under § 2255 to attack a federal sentence. *See, e.g.*, *Newton v. United States*, 329 F. Supp. 90, 91 (S.D. Tex. 1971). However, because Movant is still "subject to future custody under a judgment of the district court" based on his supervised release revocation, the Court has jurisdiction over his claims. *See* RULES GOVERNING SECTION 2255 PROCEEDINGS 1(b); *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971).

**III. ANALYSIS**

    **A.  28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

    **B.  Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[4] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

---

4. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that: (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 10 days after the judgment was entered on the docket. FED. R. APP. P. 4(b) (2004). Judgment was entered February 18, 2004. Movant's conviction therefore became final on February 28, 2004. He did not file his § 2255 motion until June 14, 2018, more than 13 years after the statute of limitations expired on February 28, 2005.

Movant does not argue that he is entitled to equitable tolling, but instead claims the one-year statute of limitations did not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(4). According to Movant, this happened "in March 2018, when inmate Larry Boland showed Movant a copy of the Petition and Memorandum of Law and Fact" in Movant's § 2241 case. D.E. 93, p. 12.[5] Movant acknowledges that "the facts on which this claim is founded are located in the pages of the 1947–48 Congressional Record." *Id.* However, he claims he could not have discovered that the House of Representatives had no quorum on May 12, 1947, until he was notified by Boland because prison libraries do not stock the Congressional Record, the facts giving rise to his motion "are not present in the books available in the law libraries in

---

5. Boland appears to be a prison writ writer, and the Petition and Memorandum of Law to which Movant refers appear to be canned briefs in which Movant's name is inserted.

the prisons of the BOP or the TDCJ-CID," and the books that are available "falsely assert the contrary." *Id.*

The Government responds that § 2255(f)(4) states that the limitations period runs from the date the facts supporting Movant's claim "*could* have been discovered through the exercise of due diligence," and Movant could have discovered the facts giving rise to his claim at any time after his conviction. Moreover, Movant cannot show that his argument was not discoverable until 2018 when countless other prisoners have tried—and failed—to bring the same argument in federal courts since at least 2006. *See, e.g.*, *United States v. Armijo*, 314 F. App'x 113, 114 (10th Cir. 2008) (Defendant's "contention that § 3231 was not validly enacted is meritless."); *Titlbach v. English*, 2019 WL 1099887, at *5 (D. Kan. Mar. 8, 2019) (collecting cases); *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (Defendant's "frivolous claims" that "Public Law 80–772 was not properly passed . . . have been routinely rejected out of hand by an extremely large number of district court[s], some of which have provided a thorough debunking of his particular arguments about the enactment of Public Law 80–772."); *Cheatham-Bey v. U.S. Dep't of Justice*, 2008 WL 4951034, at *4 (D. Kan. Nov. 18, 2008) (Plaintiff's claim that Public Law 80–772 was never enacted into law was "patently frivolous and ha[s] uniformly been rejected."); *United States v. Felipe*, 2007 WL 2207804, at *1–2 (E.D. Penn. Jul. 30, 2007) (collecting cases and noting that defendant "borrowed 'boiler plate' materials that, but for the frequency with which they have recently been appearing on the federal court dockets, would not warrant substantive discussion"); *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) (rejecting defendant's claim that, "because of a defect in the 1948 passage of Public Law 80–772, § 3231 as well as all subsequently enacted statutes which rely upon § 3231 for district court jurisdiction are similarly invalid," and noting that "other district courts have retained

jurisdiction pursuant to the statute despite challenges to its validity"); *Delreth v. United States*, 2006 WL 1804618, at *4 (S.D. Tex. Jun. 27, 2006) (dismissing defendant's claim "that Public Law 80-772, ultimately 18 U.S.C. § 3231, failed to pass both the House and Senate and is therefore unconstitutional"); *United States v. Martinez*, 2006 WL 1293261, at *5–6 (S.D. Tex. May 6, 2006) (counsel was not ineffective for failing to raise "meritless argument" "that the bills that eventually became Public Laws No. 80-772 and 80-772 never passed both houses of Congress").

The statute of limitations began to toll when Movant's conviction became final on February 28, 2004. He has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds Movant's motion is untimely. Thus, the Court need not consider the Government's additional arguments that the motion is substantively meritless and procedurally barred because Movant failed to raise his claim on appeal.

**IV. CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant

a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 101) is **GRANTED**, Movant's motions under 28 U.S.C. § 2255 (2:03-CR-278, D.E. 93, 96; 2:18-CV-185, D.E. 1, 13) are **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of November, 2019.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE